THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN BENJAMIN FREEMAN,

            Plaintiff,

    v.

KING COUNTY SUPERIOR COURT, *et al.*,

           Defendant.

CASE NO. C12-1006-JCC

ORDER DISMISSING PLAINTIFF'S ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

This matter comes before the Court on Plaintiff's response to the Court's March 11, 2013 Order to Show Cause (Dkt. No. 33), motion for leave to amend his complaint a second time (Dkt. No. 39), motion to join an additional party as plaintiff (Dkt. No. 41), and motion to dismiss certain defendants (Dkt. No. 43).  Having thoroughly considered the Plaintiff's briefing and the relevant record, the Court finds oral argument unnecessary and hereby DISMISSES the above-captioned matter for lack of subject matter jurisdiction.

## I.    **BACKGROUND**

In a March 11, 2013 Order, this Court ordered Plaintiff John Freeman to show cause why his amended complaint should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 24.) In that Order, the Court recounted in detail the background facts of Mr. Freeman's claims and the procedural history of this lawsuit. The Court includes in full and supplements that

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 1

recitation below:

On June 11, 2012, Plaintiff filed a complaint against Defendant Gary Bergan and his law firm, as well as King County Superior Court, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964, general claims for violations of Plaintiff's federal and state constitutional rights, and a "statutory tort of interference" claim. (Dkt. No. 1.) As this Court previously explained:

Plaintiff's claims stem from the prior representation of his son by Defendant Gary C. Bergan and his law firm, Thomas Whittington Bergan Studebaker, Inc. P.S. (the "Bergan Defendants"), and a subsequent lawsuit brought by Plaintiff against the Bergan Defendants in King County Superior Court. In the course of that lawsuit, which was based on "fraud, dishonesty, deceit, and breach of good faith and fair dealing" (Dkt. No. 1 at 15) and ultimately dismissed, a judgment was entered against Plaintiff in the amount of $5,691.00 as a sanction for a violation of CR 11.

In the instant complaint, Plaintiff seeks to set that judgment aside and requests damages awards against each Defendant. Notably, this is not Plaintiff's first attempt to have that judgment vacated. *See Freeman v. Bergan*, 157 Wash. App. 1056, 2010 WL 3532095 (Wash. App. Sept. 13, 2010) (affirming dismissal of Plaintiff's independent action in which he sought to have the prior judgment vacated based upon allegations of fraud). [] In response to Plaintiff's complaint, Defendant King County Superior Court moved to dismiss on September 21, 2012, arguing that claims against it were barred by judicial immunity and should be dismissed based on improper service of process. (Dkt. No. 10.) The Bergan Defendants first filed an Answer to Plaintiff's complaint on August 14, 2012, and months later, filed a motion to join Defendant King County Superior Court's motion to dismiss on October 5, 2012. (Dkt. No. 12.) Plaintiff then filed a motion to amend his complaint in order to add claims based upon extrinsic fraud and fraud upon the court. (Dkt. No. 14.)

The Court granted the King County Superior Court's motion to dismiss, which Plaintiff did not oppose, but denied the Bergan Defendants' motion to dismiss because the motion "contain[ed] no citation to legal authority, and [was] altogether lacking in any meaningful analysis." (Dkt. No. 16 at 5.) The Court also granted Plaintiff leave to file an amended complaint in order to assert his "fraud upon the court" claim, which he was required to file no later than December 11, 2012. (*Id*. at 8.) Plaintiff did not subsequently file with the Court an amended complaint, though Defendants filed an Answer to Plaintiff's amended complaint on December 21, 2012; seemingly, Plaintiff served the amended complaint on Defendants but failed to comply with the Court's Order directing him to file it with the Court. (*See* Dkt. No. 18 at 3.)

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 2

On January 25, 2013, Plaintiff filed motions to strike Defendants' insufficient Answer and for sanctions. (Dkt. Nos. 18, 20.) A copy of Plaintiff's amended complaint was filed as an exhibit to his motion. (Dkt. No. 18 at 46.) Defendants filed yet another barebones response to Plaintiff's motions, merely calling Plaintiff's lawsuit "nonsense" and "delusional and outlandish harassment." (Dkt. No. 22 at 2.) [].

(Dkt. No. 24.)

Plaintiff's amended complaint[1] includes twelve causes of action against the Bergan defendants, though as the Court previously explained, Plaintiff dropped his RICO claim. Specifically, the amended complaint contains the following claims:

(1) an independent equitable action to vacate the state court judgment against him; (2) an action for "extrinsic fraud"; (3) violations of Plaintiff's "federal and state" constitutional rights; (4) a statutory tort of interference claim; (5-7) violation of Plaintiff's "right to be free from [] fraudulently obtained judgment[s]"; (8) fraud; (9-10) fraudulent scheme to destroy evidence; (11) a violation of Plaintiff's "civil rights"; and (12) a violation of Plaintiff's Fourteenth Amendment due process rights due to fraud on the court. (Dkt. No. 18 at 70–95.)

(Dkt. No. 24.)

As the Court construes Plaintiff's complaint, he raises an action under 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment right to due process, and multiple state law fraud claims. (Dkt. No. 24.) Having reviewed Mr. Freeman's amended complaint, the Court concluded that it lacked subject matter jurisdiction for two reasons: (1) Plaintiff's complaint appeared to be barred under the *Rooker-Feldman* doctrine; and (2) Plaintiff's sole federal claim, which supported jurisdiction in this matter, was fatally defective in that Plaintiff nowhere alleged any state action, as required to maintain a due process claim under 42 U.S.C. § 1983. In light of these defects, the Court ordered Mr. Freeman to show cause why this matter should not be dismissed for a lack of subject matter jurisdiction. After being granted three extensions, Plaintiff finally responded to the Court's Order on May 22, 2013. Thereafter, on May 28, 2013, Mr. Freeman submitted to the

---

[1] By that same Order, the Court directed Plaintiff to file with the Court a copy of his amended complaint, which he did on March 15, 2013. (Dkt. No. 25.)

Court, unsolicited, a notice of correction to certain citations (Dkt. No. 35) and nearly 150 pages of state-court transcripts from his underlying cases, which he suggests could be used to refute Defendant's *res judicata* affirmative defense. (Dkt. No. 36.) Then, one week later, Plaintiff continued his filings, submitting to the Court a motion for leave to file a second amended complaint (Dkt. No. 39), motion to join an additional party as plaintiff (Dkt. No. 41), and a motion to dismiss certain defendants (Dkt. No. 43), as well as a reply to Defendant Gary Bergan's response to Plaintiff's show cause response (Dkt. No. 44). Having considered Mr. Freeman's response and subsequent filings, the Court is not persuaded that it has subject matter jurisdiction over Plaintiff's claims and accordingly dismisses Mr. Freeman's complaint. Additionally, because Plaintiff's proposed amendments would be futile, the Court denies his motion to amend and to join an additional party as plaintiff, and denies the remainder of Plaintiff's pending motions as moot.

## II.   DISCUSSION

### A.   The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims

As the Court previously explained, the *Rooker-Feldman* doctrine is "a well-established jurisdictional rule prohibiting [lower] federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir. 2008) (citing *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)). The doctrine exists because such appellate jurisdiction lies only with the United States Supreme Court. *See* 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 486. Because a challenge under the doctrine is a challenge for lack of subject-matter jurisdiction, it may be raised at any time by either party or, as here, *sua sponte* by the Court. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

"[T]he doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 4

to review and reject those judgments." *Henrichs*, 474 F.3d at 613 (quotations omitted). The "clearest case" for dismissal under *Rooker-Feldman* occurs "when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.* (quotations omitted). However, the Ninth Circuit has also explained that the doctrine prohibits the Court from exercising jurisdiction over *de facto* appeals from state court judgments even where the parties do not directly contest the merits of the state court decision. *Reusser*, 525 F.3d at 859 (citing *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004)). A federal action constitutes such a *de facto* appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

As previously explained in this Court's Order to Show Cause, the Ninth Circuit has clarified the application of *Rooker-Feldman* to actions in which a Plaintiff alleges extrinsic fraud. Where a party seeks to set aside a state-court judgment not for a legal error committed by the state court, but because of an illegal or wrongful act of the adverse party—*i.e.*, by alleging extrinsic fraud—the *Rooker-Feldman* doctrine does not deprive the federal court of jurisdiction. *Kougasian*, 359 F.2d at 1140–41 ("A plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party."); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.2003) ("If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.").

However, even if a plaintiff alleges "extrinsic fraud," the *Rooker-Feldman* bar is not surmounted in its entirety. Where a plaintiff has already brought the alleged fraud to the state court's attention and, nonetheless, lost its state-court action to have the state judgment set aside on that ground, *Rooker-Feldman* still operates to bar the federal court from reviewing such a

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 5

denial. *Reusser*, 525 F.2d at 859–60. For example, as previously explained, the Ninth Circuit in *Reusser* affirmed dismissal of a plaintiff's extrinsic fraud action where "the state court rejected the claimed extrinsic fraud on the merits," reasoning that the § 1983 due process claim "constitute[d] a *de facto* appeal of [the] state court decision [denying the motion to vacate the judgment on fraud grounds]." *Id.* at 860 (("[E]ven assuming that the misconduct [] rises to the level of extrinsic fraud, such claim was *itself* separately litigated before and rejected by [the] state court.") (emphasis in original); *see Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533–34 (7th Cir. 2004) (holding that district court lacked jurisdiction to review a claim of extrinsic fraud, because the alleged fraud was separately litigated in a state action to vacate the purportedly erroneous judgment)).

Here, the Court addressed Plaintiff's claims under these standards in its prior order to show cause, explaining as follows:

Plaintiff's own complaint makes clear that he not only seeks to have the state-court judgments against him set aside on "extrinsic fraud" grounds, but that he has already raised such a challenge to the judgments in the state court. For example, Plaintiff states in his complaint that the King County Superior Court was "fully aware" that the judgments had been obtained by fraud. (Dkt. No. 18 at 66.) The complaint also details the fact that Plaintiff served a letter upon Superior Court Judge Theresa Doyle informing her of the alleged fraud (*Id.* at 64), sent a letter to King County Commissioner Nancy Bradburn-Johnson informing her of the same (*Id.*), and that Plaintiff filed a motion in August 2008 to vacate the August 2007 judgment, which the state court denied. (*Id.*; *see id.* at 32–33.) Additionally, in May 2009, Plaintiff "filed a new lawsuit seeking vacation of the judgment by way of a complaint titled "'Complaint of Vacation of Judgment' independent equitable action." (*Id.*) According to the instant complaint, Plaintiff's independent action to vacate the judgment was dismissed with prejudice on the pleadings, and his motion for reconsideration of that decision was denied. (*Id.*)

Additionally, as the Court noted in its prior Order permitting Plaintiff to amend his claim, the Washington Court of Appeals has rejected Plaintiff's fraud argument. When the trial court dismissed Plaintiff's independent action with prejudice, Plaintiff filed a CR 60(b) motion to vacate that dismissal. On appeal, the Washington Court of Appeals affirmed the denial of his motion to vacate the dismissal of his independent action, in which Plaintiff alleged the same purported fraud. *See Freeman v. Bergan*, 157 Wash. App. 1056, 2010 WL 3532095 (Wash. App. Sept. 13, 2010). In relevant part, the Washington Court of Appeals

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 6

explained:

> On May 5, 2009, Freeman filed a complaint and independent action seeking to vacate the August 2007 judgment. He also requested $125,000 in damages, statutory costs, and unspecified additional equitable relief. Again, Freeman's son was not a party. Freeman alleged seven causes of action based on his contentions that Bergan committed fraud and made false statements to the court between September 12, 2005 and August 18, 2008. Freeman's allegations concerned Bergan's statements that there was no contractual "retainer agreement" between Freeman and Bergan, an issue central to his earlier failed lawsuit. On July 16, 2009, the trial court granted Bergan's motion for judgment on the pleadings, pursuant to CR 12(c), and dismissed Freeman's claims with prejudice. []
>
> Thereafter, Freeman moved to vacate the July 2009 judgment, citing CR 60(4) [*sic*] and (11). The trial court denied Freeman's motion.
>
> *Id.* at \*1.
>
> The court then concluded that "[t]he record does not demonstrate a 'high probability' that the 2009 judgment of dismissal was obtained by fraud that prevented Freeman from fully presenting his case. The trial court correctly ruled that Freeman was not entitled to relief under CR 60(b)(4)." *Id.* Accordingly, both Plaintiff's complaint and the opinion of the Washington Court of Appeals indicate that Plaintiff does not merely seek to have the state-court judgments vacated on extrinsic fraud grounds, but instead seeks to pursue a *de facto* appeal of the state court decisions which have already rejected his attempts to vacate the judgments at issue on the basis of the same alleged fraud. The instant scenario is thus a textbook example of a *de facto* appeal of a state court judgment, consideration of which would require this Court to squarely undercut the prior decisions of the Washington courts. *See Reusser*, 525 F.3d at 859. Because each of Plaintiff's claims relate directly to the alleged fraud and the fraudulently obtained judgments, they are each "inextricably intertwined" with the state court claims and barred under the *Rooker-Feldman* doctrine.

(Dkt. No. 24 at 6-7.)

In response to this analysis, Plaintiff provides little in the way of specific objections, instead spending the majority of his response brief discussing generalities associated with the *Rooker-Feldman* doctrine and various doctrines of abstention. As relevant to the Court's analysis, Plaintiff relies on *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), to assert that *Rooker-Feldman* does not apply in the circumstances at hand. Specifically, Plaintiff argues that "[he] does not seeks [*sic*] to have [his previous state-court] judgments set aside based on any errors [made] by the state [trial] court." (Dkt. No. 33 at 5.) Instead, Plaintiff explains, he brought

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 7

"this lawsuit based [on] fraudulent acts committed by the adverse party in obtaining the four judgment[s]." (Dkt. No. 33 at 5.)

Plaintiff's argument fails to satisfy the Court that *Rooker-Feldman* is inapplicable given that the Court recognized and disposed of this argument in its previous Order to Show Cause. While the Court recognizes that under the Ninth Circuit's holding in *Kougasian*, a federal plaintiff seeking to set a state judgment aside on extrinsic fraud grounds escapes *Rooker-Feldman*'s bar, the Court also cited and discussed the Ninth Circuit's decision in *Reusser*, in which the Court of Appeals distinguished *Kougasian* in a situation materially indistinguishable from the instant scenario. Plaintiff not only alleges extrinsic fraud in this Court, but did so in the state court on multiple occasions in similar attempts to have the state judgments set aside. Had this been Mr. Freeman's first attempt to shed light on the alleged fraud, *Kougasian* may have been of assistance to him. However, given his history of raising the same claims in attempting to have the prior state-court judgments set aside—all of which have been rejected—*Reusser* governs Mr. Freeman's extrinsic fraud action. Because Mr. Freeman has failed to address the effect of *Reusser*, the Court concludes that *Rooker-Feldman* bars this Court from exercising jurisdiction over Plaintiff's claims in this matter.

**B.      Plaintiff's Complaint Fails to Establish Federal Question Jurisdiction**

In its March 11, 2013 Order to Show Cause, the Court also explained that "[e]ven if the *Rooker-Feldman* doctrine does not deprive this Court of jurisdiction, Plaintiff must nonetheless establish a viable basis for this Court's exercise of jurisdiction." (Dkt. No. 24 at 8.) The Court made clear that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). As the Court explained, a federal court may dismiss a federal question case for lack of subject matter jurisdiction if (1) the alleged Constitutional claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) "such a claim is wholly insubstantial

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 8

and frivolous." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (citation omitted).

Here, Plaintiff's sole federal claim under 42 U.S.C. § 1983 is "wholly insubstantial and frivolous." A plaintiff raising a due process claim under § 1983 must prove, among other things, that the defendant "acted under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) (explaining that the Fourteenth Amendment's due process clause "shields citizens from unlawful government actions, but does not affect conduct by private entities"); *Taylor v. List*, 880 F.2d 1040, 1048 (9th Cir. 1989) (a private person does not act under color of state law for § 1983 purposes unless the person or entity "willfully participates in joint action with state officials to deprive others of constitutional rights"). Yet, Plaintiff here does not dispute what the Court previously recognized—namely, that "the only defendants in this action are entirely private actors." (Dkt. No. 24 at 10.)

In light of this fact, which Plaintiff made no attempt to address in his response brief or subsequent filings, Plaintiff's sole federal claim under 42 U.S.C. § 1983 must necessarily fail. *See*, *e.g.*, *Turner v. Bushong*, No. C12-2363, 2013 WL 595096, at *1 (D. Or. Feb. 14, 2013) (dismissing complaint because only federal claim, a § 1983 due process claim against private individuals, did not allege that defendants acted under color of state law); *Brockmeier v. Scott*, No. C10-3472, 2011 WL 2215802, at *2 (E.D. Cal. June 6, 2011) (no federal question jurisdiction where plaintiff's § 1983 claim against private law firm, private attorneys, court reporter, and court reporting firm, necessarily failed for lack of state action); *Alvarez Acuna v. Fireside Thrift Co., Inc.*, No. C05-3876, 2006 WL 1312528, at *10 (D. Ariz. May 11, 2006) (no state-action to support § 1983 claim against private law firm). The Court accordingly concludes that it lacks jurisdiction over Plaintiff's federal due process claim, and declines to exercise supplemental jurisdiction over his remaining state-law fraud claims.

//

//

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 9

**C.**    **Plaintiff's Motions to Amend and Additional Filings**

After responding to the Court's Order to Show Cause, Plaintiff continued to file motions that are only somewhat coherent. In the first, Plaintiff seeks leave to amend his complaint for a second time (Dkt. No. 39), vaguely requesting that he be permitted to "file a second amended complaint to conform with additional Plaintiff's evidence that is discovered [*sic*]." (Dkt. No. 39.) Mr. Freeman, despite filling his entire motion with rambling recitations of tangentially-related case law, nowhere explains how he wishes to amend his complaint; indeed, Plaintiff specifies no new claims that he would add, nor does he identify new factual allegations that have not already been raised (repeatedly) in previous pleadings. Similarly, Plaintiff filed a motion to join an additional party as a plaintiff. (Dkt. No. 41.) In that motion, Plaintiff requests that the Court add Robert Lee Freeman—Plaintiff's son—as a plaintiff, who "asserts his right to relief jointly, severally, or in the alternative. . ." to Mr. Freeman's claims. (Dkt. No. 41.) Like the previous motion to amend, Plaintiff fails to specify what claims Mr. Robert Lee Freeman seeks to bring.

Federal Rule of Civil Procedure 15(a)(2) requires that the Court freely give leave to amend when justice so requires. Requests for leave to amend should be granted with "extreme liberality[,]" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009), and leave will generally be granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies with prior amendments on the part of the moving party, undue prejudice to the opposing party, or futility of the amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Of particular relevance here, the Court notes that while amendment is normally granted with extreme liberality, the Court will not grant leave where the amendment would be futile and result in prejudice to the opposing party. *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008); *see also Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir. 2004) (discretion to deny leave to amend is "particularly broad" where plaintiff has previously filed an amended complaint).

//

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 10

Here, Plaintiff has filed multiple motions to amend his complaint, but proposes no specific amendments other than adding a new party as plaintiff. Upon review of the deficiencies in his operative complaint—as discussed in this Order—it appears that amendment would be futile, given that adding an additional plaintiff would not change the fact that the instant claims would remain a "de facto appeal" of a state court judgment and, regardless of the individual raising the claim, the sole federal claim in this suit would remain insufficient to establish federal question jurisdiction. Because forcing Defendant to respond to any new complaint with the same deficiencies as herein addressed would constitute the very definition of prejudice, the Court declines to permit Plaintiff to amend his complaint yet again and DISMISSES this matter for lack of subject matter jurisdiction.

## III.    CONCLUSION

For the foregoing reasons, this matter is hereby DISMISSED for lack of subject matter jurisdiction. Plaintiff's motion for leave to amend (Dkt. No. 39) and motion to join an additional party (Dkt. No. 41) are DENIED, and the remainder of Plaintiff's pending motions (Dkt. Nos. 18, 20, 43) are DENIES as moot. The Clerk is respectfully directed to CLOSE the case.

DATED this 21st day of June 2013.


John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PLAINTIFF'S ACTION
FOR LACK OF SUBJECT MATTER
JURISDICTION
PAGE - 11